Tilghman, C. J.,
(after stating some of the facts,) delivered the opinion of. the court.
Several exceptions were taken by the defendants’ counsel, on points of evidence, and to the charge of the court:—
1. The first exception was to the rejection of William Patton, a witness offered on the part of the defendants. He was rejected as incompetent, on account of interest. But this objection having been removed, by a release from the defendants, he was.admitted and examined. The defendants, therefore, having had the benefit of his testimony, this exception was very properly abandoned.
2. The next exception, was to the rejection of evidence offered by the defendants, — “ that William Patton informed John Lyon, before he entered into any responsibility, that the bank had agreed to look to the assigned bonds only, and not to hold the drawer or endorser of the ten thousand dollar note, or of any other note which should afterwards be given in lieu, or on account of it, or any part of it, responsible.” I cannot perceive error in the rejection of this evidence. If the bank had really made the agreement asserted by the defendants, they ought not to recover in this action, even though that agreement had not been communicated to the defendants. But the great objection to the evidence, is, that it was the bare declaration of William Patton, a person interested, without the privity of the bank. Why should the bank be affected by any thing which passed between him and the defendants? If, indeed, the plaintiffs had given evidence, to prove, that the defendants had been informed, before they made themselves responsible, that the assigned bonds were taken only as collateral security, in that case it might have been rebutted, by the evidence in question. But nothing of that kind appears on the record. I- have said that the plaintiffs ought not to recover, if they agreed to look to the assigned bonds only. My meaning is, that they ought not to recover, unless a subsequent agreement was made, by which the defendants became responsible, without any unfair dealing on the part of the plaintiffs.
3. But the defendants relied chiefly on their exception to the charge of the court. It had been testified by some of the plaintiff’s witnesses, that the assigned bonds were received by the directors of the bank as a collateral security, both for themselves and the endorsers of the ten thousand dollar note; whereupon the president charged the jury, that if they believed the fact to be so, the negligence in not entering judgments on the bonds, and suing out executions, toas as much the fault of the endorser as of the bank. From this charge, the jury must have taken the law to be, *68 that in (be case supposed, the bank would not be responsible. Considering the circumstances of this case, I think the law was laid down too. strongly in favour of the plaintiffs. Jt was the bank, who insisted on warrants of attorney to confess judgment, and the assignments were made in strict form, according to the act of assembly; so that the legal property was vested in the bank, which alone could bring suit. The legal inference is (unless there was proof to. the contrary) that the bank took upon itself the care of attending to these bonds, and pursuing all legal means to recover them. The obligors could make no legal payment, after notice of the assignment, to any other than the bank; nor could it possibly have been the intent of the parties, that the endorser of the ten thousand dollar note should have the right of receiving the money, beeause that would have been to deprive the bank of its security in the bonds. If the bank received the money, it operated of course to the discharge of the endorser; and thus, the bonds might justly be said to be for the benefit, as well of the endorsers as of the bank. Or, if the endorser paid, or satisfied the bank, for the note of ten thousand dollars, he would have been entitled to the benefit of the assigned bonds, and might have recovered to the amount of his payment, on judgments entered in the name of the bank, for his use. But the bank remaining unsatisfied, and retaining the possession of the bonds, was bound to take the proper measures for a recovery. I do not mean to say, that although the bonds were legally assigned to the bank, it might not have been provided by express agreement, that no negligence was to be imputed to the bank, unless it delayed the entering judgments, and issuing executions, after request so to do by William, Patton, or his endorser. Neither do I say, that the original agreement, whatever it was, or the assignment of the bonds, might not have been altered by a subsequent agreement. But the jury should have been instructed, that the bank, having taken the assignment to itself, was bound to show, that it was not to use all reasonable diligence in securing the money. This was a very important point in the cause, and a misdirection on it could not fail to be very prejudicial to the defendants. I see no other error in the charge of the president, and indeed, it contains many strong and judicious remarks on the evidence. Another error was assigned, viz. that the court refused to give any opinion, whether the defendants were to have the benefit of the sum of four thousand dollars, which remained, after paying the in-cumbrances oh the Sligo estate, and was to be applied to the payment of the bonds of Patton and Porter, assigned to the plaintiffs. The benefit of these four thousand dollars was claimed by the defendants, and also by other persons not parties to this suit. It is unnecessary for us to give an opinion on this exception, because it was agreed by the counsel on both sides, that the jury should not be embarrassed by the question arising on the application of the four thousand dollars, which was to remain as an object of future *69 discussion. Mr. Tod, the counsel for the plaintiffs, confirmed this agreement in our presence; in consequence of which, Mr. Burnside, who was about to argue the point on behalf of the defendants, refrained from his argument, under an understanding that the matter was to be reserved for future inquiry. I am of opinion, therefore, that for the error which has been mentioned in the charge of the court, the judgment should be reversed, ana a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.